**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAY 26 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAM SABER, | No.    14-56000 |
| Plaintiff - Appellant, | D.C. No. 8:13-cv-00812-DOC-JCG |
| v. | |
| J.P. MORGAN CHASE BANK, N.A., | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Central District of California
David O. Carter, District Judge, Presiding

Argued and Submitted May 6, 2016
Pasadena, California

Before: M. SMITH and NGUYEN, Circuit Judges and GORDON,[**] District Judge.

Sam Saber appeals the district court's dismissal of two causes of action in his second amended complaint against J.P. Morgan Chase Bank, N.A.   We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The Honorable Andrew P. Gordon, District Judge for the U.S. District Court for the District of Nevada, sitting by designation.

1. The district court did not abuse its discretion in dismissing Saber's claim under California Civil Code § 2923.6 with prejudice. The court had previously dismissed this same claim with leave to amend and specifically explained that Saber must adequately allege a material change in his financial circumstances in connection with his January 15, 2013 loan modification application. As Saber concedes, both below and on appeal, he failed to do so. Denying further amendment is not abuse of discretion where a party has "essentially re-pled the same facts and legal theories." *Loos v. Immersion Corp.*, 762 F.3d 880, 890-91 (9th Cir. 2014) (quotation and citation omitted); *see also Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999) ("The trial court's discretion . . . is particularly broad where, as here, a plaintiff previously has been granted leave to amend.").

2. Reviewing de novo, *see Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 526 (9th Cir. 2008), the district court also did not err in dismissing Saber's claim under California Civil Code § 2923.7. Saber has not plausibly alleged that he was not given a single point of contact because he alleges in relation to his § 2923.6 claim that he was in contact with J.P. Morgan regarding a loan modification and that J.P. Morgan responded to that inquiry. Further, in light

2

of these allegations, the district court did not err in requiring Saber to provide more detailed factual allegations to support other statutory violations. Nor did it err in then dismissing when Saber failed to do so.

**AFFIRMED.**